MAGGIE R. THOMPSON v. CHARLES R. THOMAS.

(Filed 12 November, 1913.)

**Deeds and Conveyances — Mental Incapacity—Registration—Heirs at Law.**

Where a deed, void for mental incapacity of the grantor to make it, is registered prior to one theretofore made by the same grantor, for a valuable consideration, when he had sufficient mental capacity, the registration under the statute, Revisal, 980, can give no effect to the invalid deed, and the valid deed, though subsequently registered, will be effective; nor can the grantee in the invalid deed claim the land as heir at law of the deceased grantor, for the latter has conveyed his title to another.

APPEAL by defendant from *Long, J.,* at June Term, 1913, of DAVIDSON.

*F. C. Robbins, Walser & Walser, and Justice & Broadhurst for plaintiff.*

*John T. Perkins and Emery E. Raper for defendant.*

CLARK, C. J. This is an action to recover two lots in Thomasville, N. C. The plaintiff and defendant are half-brother and sister, and moreover, their mothers were sisters. Both claim title to the property under conveyance from the widow of their father, who was the mother of the defendant. The plaintiff claims under two deeds bearing date 28 January, 1909, each deed reciting a consideration of $1 and both probated 11 April, 1912, after the death of the grantor, and recorded the next day.

The defendant claims under a deed from his mother, Sallie L. Thomas, for both lots, dated and registered 14 August, 1909, reciting a consideration of $1 and "other considerations accepted." She died in 1912, leaving her son, the defendant, her sole heir.

The jury upon issues submitted to them found that the deeds to the plaintiff dated 28 January, 1909, were duly executed and for a valuable consideration, and that the plaintiff did not procure their execution by fraud. The jury found that at the time of the execution of the deed of 14 August, 1909, by Sallie L. Thomas to Charles R. Thomas, the defendant, she did not have sufficient mental capacity to execute said deed, and that it was made without valuable consideration.

There was a great mass of evidence on both sides, and numerous exceptions to the admission of evidence and to the charge. None of the exceptions, however, present serious questions of law for the consideration of the Court. The contest was almost entirely one as to the facts, and was settled by the jury upon issues properly submitted.

It can be of no service to discuss well settled propositions of law nor to develop more fully the voluminous evidence upon what must have been a very unpleasant controversy between near relatives.

The deed to the plaintiff executed 28 January, 1909, was not registered until 12 April, 1912, and would not be valid against the junior deed to the defendant executed and registered in August, 1909, if the grantee in the latter deed had been a purchaser for a valuable consideration and the grantor had been competent to execute a deed. But the jury having found that the latter deed was without valuable consideration, the statute would not apply. Revisal, 980. Besides, the jury further found that the grantor at the time of the execution of the deed of 14 August, 1909, did not have "sufficient mental capacity to execute said deed." It was therefore void, and registration could not give it validity. The defendant was sole heir to his mother, but the jury having found that her deed to the plaintiff was executed for a valuable consideration, and that its execution was not procured by fraud, the plaintiff is entitled to recover the premises.

Upon consideration carefully made of all the exceptions and · of the entire evidence, we think that the matter has been determined by the jury under the superintendence of the careful and able judge, who committed

No error.